# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>        Petitioners,<br><br>vs.<br><br>BRANNON HOWSE,<br><br>        Respondent. | CASE NO. 2:23-MC-00034<br><br>JUDGE MARK S. NORRIS<br><br>MAGISTRATE JUDGE ANNIE T. CHRISTOFF<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**<br><br>Related to Action Pending in the U.S. District Court of the District of Minnesota, *Smartmatic USA Corp., et al. v. Lindell, et al.*, 22-cv-00098-WMW-JFD |

Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") submit this Reply in Support of their Motion to Compel Compliance with Third-Party Subpoena (ECF No. 1).

## INTRODUCTION

Consistent with Mr. Howse's documentaries claiming that the 2020 election was rigged, his response brief is high on theatricality and devoid of substance. Mr. Howse discusses, for example, Bond villains, the Death Star, and quests for vengeance. While amusing, those subjects do not excuse his failure to comply with Smartmatic's subpoenas. In fact, Mr. Howse expressly or tacitly concedes that: (i) he co-produced many defamatory publications at issue in Smartmatic's underlying litigation against Mike Lindell; (ii) Mr. Lindell relied on him as a source of information for his defamatory statements; (iii) Smartmatic seeks documents and information that are highly relevant to its underlying litigation; and (iv) Mr. Howse's radio silence forced Smartmatic to bring this enforcement proceeding. Accordingly, the Court should grant Smartmatic's motion.

**ARGUMENT**

Mr. Howse principally asserts that Smartmatic's motion should be denied for three reasons. *First*, he claims that, in seeking documents and information from him, Smartmatic is actually attempting to indirectly exact vengeance against Mr. Howse's employer, Mike Lindell. (ECF No. 13 at 2-7.) *Second*, Mr. Howse claims that his paltry production is sufficient because full compliance is too expensive. (*Id.* at 25-26.) *Finally*, he claims that Smartmatic has refused to take his deposition. (*Id.* at 25.) All of Mr. Howse's arguments are meritless.

**I.  Mr. Howse Possesses Relevant Documents And Information.**

Mr. Howse claims that Smartmatic's motion is, in large part, just an "*ad hominem* attack" in which it is attempting to punish him for his association with Mr. Lindell. (ECF No. 13 at 2-7.) But Mr. Howse's attempt to garner the Court's sympathy rings hollow for multiple reasons.

*First*, Mr. Howse does not, and indeed cannot, cite a single statement by Smartmatic that shows any animus towards him. To establish the relevance of its subpoenas, Smartmatic explained that Mr. Howse: "is credited as the director and executive producer of Absolute Proof"; "was one of the sources on which [Defendants] relied during their defamation campaign"; and assisted with Defendants' publication of defamatory content. (ECF No. 2 at 3-6.) These are not *ad hominem* attacks on Mr. Howse—they are background facts that establish his strong connection to the underlying litigation and that he possesses relevant documents and information. Mr. Howse does not deny *any* of Smartmatic's representations regarding his dealings with Mr. Lindell. (*See generally* ECF No. 13.) Nor does he deny that he possesses relevant documents and information. (*Id.*) In short, Mr. Howse's attempt to portray himself as a victim in Smartmatic's "blood feud" with Mr. Lindell is baseless and a thinly veiled attempt to evade his obligations. (*See id.* at 2.)

*Second*, Smartmatic's subpoena seeks documents that are clearly relevant to the underlying litigation and Mr. Howse does not show otherwise. Smartmatic requested, for example, Mr.

2

Howse's documents and communications related to Smartmatic and his documents and communications related to the defamatory documentaries and other publications at issue in its lawsuit against Mr. Lindell. (*See* Declaration of Julie M. Loftus ("Loftus Decl.") Ex. B, Doc. 3-2 at PageID 181–83.) There is nothing punitive or harassing about these requests. They are not ambiguous. And they do not, as Mr. Howse claims, require him to review "ten (10) years" of emails. (*See* ECF No. 13 at 25.) Rather, Smartmatic requested only his responsive communications from January 1, 2020 to the present. (*See* Loftus Decl. Ex. J, Doc. 3-10.) Even though Smartmatic's requests were proper, in the spirit of compromise, it met-and-conferred with Mr. Howse for months when he refused to comply, and it only brought these enforcement proceedings as a last resort after he went radio silent. (ECF No. 2 at 8.) Mr. Howse does not deny any of this. (*See generally* ECF No. 13.) Accordingly, his claims that Smartmatic improperly targeted him and refused to provide "clarity" about its requests fail. (*See id.* at 2-7, 11-12.)

**II.      Mr. Howse's Production Is Deficient**

Mr. Howse also does not dispute that he has only produced a single 3,341-page document without unitization or metadata that includes one email sent by him. Nor does he dispute the authenticity of the documents that Smartmatic submitted to establish that he possesses other relevant documents that he has refused to produce. Instead, he primarily claims that the burden of complying with Smartmatic's subpoena is too great because, as he baldly contends, he has already spent $10,000.00. (ECF No. 13 at 25-26.) This argument is misplaced for multiple reasons.

*First*, Mr. Howse has failed to establish that any burden he has incurred, or will incur, is undue. It is well settled that, as the party resisting the subpoena, Mr. Howse "bears the burden of demonstrating that the discovery sought should not be permitted." *See Sinclair v. Lauderdale Cty, Tenn.*, Case No. 2:14-cv-02908-SHM-cgc, 2015 WL 1393423, at *3 (W.D. Tenn. Mar. 24, 2015). Moreover, he cannot rely on unsworn statements lacking evidentiary support to establish undue

3

burden. *See Williams v. Kellogg USA LLC*, Case No. 2:21-cv-2306-SHL-tmp, 2022 WL 11128380, at *3 (W.D. Tenn. Oct. 19, 2022). Yet, that is all Mr. Howse offers here. He does not submit any evidence of the volume of documents he would need to search to comply with the subpoena. (*See* ECF No. 13 at 10-25.) Nor does he even attempt to substantiate his claim that he has spent $10,000.00 to date to comply with the subpoena, let alone cite any authority suggesting that such expense would excuse full compliance with Smartmatic's subpoena. (*Id.* at 25.) Thus, the Court should reject his claims of undue burden. *See City of N.Y. v. Beretta USA, Corp. (In re Brown)*, Case No. 3:05MC020, 2005 WL 8162692, at *5 (S.D. Ohio Oct. 13, 2005) ("Merely alleging additional and unnecessary costs fails to show undue burden because these allegations are unsupported by a showing of the amount of costs or the reasons such costs are unnecessary.").

*Second*, Mr. Howse's contention that he is not required to "find every single document" misses the point. (ECF No. 13 at 26.) Smartmatic is not asking for perfection—it merely requests that Mr. Howse perform a reasonable search in compliance with his obligations under the Federal Rules of Civil Procedure. Based on the fact that Smartmatic's exhibits to its Motion contain more outgoing emails from Mr. Howse than his entire production, it is clear that Mr. Howse's perform has been deficient. (*See* ECF No. 2 at 14.)

### III. The Court Should Compel Mr. Howse To Sit For A Deposition.

Mr. Howse also does not dispute that he cut off communications with Smartmatic after it informed him that it needed to reschedule his deposition. Now, faced with Smartmatic's motion to compel, he claims that he is "perfectly willing to sit for a deposition." (ECF No. 13 at 26.) Nevertheless, he still asserts multiple arguments concerning Smartmatic's attempts to depose him.

*First*, he erroneously claims that Smartmatic has "refused" to take his deposition. (*Id.* at 25-26.) As Smartmatic has already explained, it simply sought to reschedule his deposition after the fact discovery deadline in the underlying litigation was extended. (ECF No. 2 at 8.) There is

nothing remarkable or improper about rescheduling a deposition. Yet, Mr. Howse used Smartmatic's request as an excuse to not sit for a deposition at all, which forced Smartmatic to bring these enforcement proceedings. (*See* Loftus Decl. Ex. J, Doc. 3-10.)

*Second*, Mr. Howse claims that Smartmatic's subpoena is defective because it did not tender the $40 witness fee. (ECF No. 13 at 21.) But his argument is misplaced because: (i) he admits that he is "willing to sit for a deposition"; (ii) he did not raise this objection until now, suggesting that it is gamesmanship; (iii) Smartmatic has noticed Mr. Howse's deposition at a location near his home; and (iv) Smartmatic has now tendered the fee.[1] *See EEOC v. Tepro, Inc.*, 38 F. Supp. 3d 883, 887 (E.D. Tenn. 2014) (overruling objection where subpoenaing party agreed to take deposition in convenient location and tendered the fee); *Stooksbury v. Ross*, Case No. 3:09-CV-498, 2012 WL 2343210, *2 (E.D. Tenn. June 20, 2012) (respondent waived objection by agreeing to schedule deposition at convenient location and petitioner agreed to tender fee).

## CONCLUSION

For the foregoing reasons, the Court should grant Smartmatic's Motion to Compel Compliance with Third Party Subpoena. The Court should also deny Mr. Howse's request for an award of his attorney's fees (ECF No. 13 at 27) because Smartmatic's motion is meritorious, it only brought this motion because Mr. Howse ignored Smartmatic's correspondence, and Mr. Howse has failed to cite a single authority in support of his request.

Dated: October 30, 2023                    Respectfully submitted,

---

[1] Declaration of James R. Bedell, attached as Exhibit A, at ¶¶ 3–5.

<u>s/ Michael E. Bloom</u>
KAL K. SHAH
Illinois ARDC No. 6275895
MICHAEL E. BLOOM (admitted *pro hac vice*)
Illinois ARDC No. 6302422
JULIE M. LOFTUS (admitted *pro hac vice*)
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: kshah@beneschlaw.com
mbloom@beneschlaw.com
jloftus@beneschlaw.com

JAMES R. BEDELL (admitted *pro hac vice*)
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: jbedell@beneschlaw.com

*Attorneys for Petitioners*